IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## THE PCT'S MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO ITS OBJECTION TO PERSONAL INJURY CLAIMS

The PCT[2] moves the Court for entry of an order withdrawing the reference with

respect to the *PCT's Sixtieth Omnibus Objection to Claims*, attached hereto as Exhibit 1. Together

with this motion, the PCT filed a motion for a determination by the United States Bankruptcy Court

for the District of Delaware that its objection is non-core. In support of its motion, the PCT

respectfully states as follows:

### Jurisdiction

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409. The

PCT's underlying objection to the personal injury claims is a non-core proceeding pursuant to 28

U.S.C. § 157(b)(2)(B).

---

[1]    The former Debtors whose cases are still open are: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2]    The PCT is a trust created pursuant to the Debtors' Amended and Official Committee of Unsecured Creditors' Third and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan") and the Post-Confirmation Trust Agreement dated August 19, 2004. The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

2.      The statutory bases for the relief requested herein are 28 U.S.C. § 157(b)(5) and 28 U.S.C. § 157(d).

## Background

3.      On April 1, 2003, the above-captioned Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On July 27, 2004, this Court entered an order confirming the Plan, which became effective on August 23, 2004. On the Plan's effective date, the cash and other assets of the Debtors and their estates were transferred to the PCT, the RCT, or the Reorganized Debtors, as applicable. See Art. V.G.3. The PCT is responsible for resolving all prepetition claims asserted against the Debtors' estates. See Art. X.G.1.

4.      The Plan required the PCT to raise all objections to prepetition claims asserted against the Debtors' estate by August 23, 2005. The Bankruptcy Court has extended this deadline through and including December 21, 2006. (D.I. 13057).

5.      The personal injury claims subject to *PCT's Sixtieth Omnibus Objection to Claims* all arise from alleged injuries suffered in the prepetition period. All of the claimants assert damages against the Debtors' estates, but none has provided sufficient information to support their alleged injuries.

6.      Before bringing its objection, the PCT diligently attempted to consensually resolve the personal injury claims. The PCT attempted to contact the claimants or counsel and, where possible, requested evidence with respect to the alleged injuries. The claimants either provided no evidence or, in some cases, provided insufficient evidence to support their respective claim. The PCT then sent the claimants letters formally requesting additional information with respect to the claims. The claimants subject to the PCT's objection did not respond. Finally, the

Bankruptcy Court entered an order on May 23, 2006, requiring claimants to produce documents

pursuant to Federal Rule of Bankruptcy Procedure 2004, but the claimants subject to the PCT's

objection did not comply with the Court order. (D.I. 12971). In sum, the personal injury claimants

subject to the PCT's objection have shown unwillingness to cooperate in the consensual, informal

resolution of their respective claim, and the PCT is left with no other choice than to object to the

claims.

Relief Requested and Basis for Relief Requested

7.    The matters addressed by the PCT's objection to personal injury claims are

outside of the bankruptcy court's core jurisdiction. By this Motion, the Debtors seek an order

withdrawing the reference with respect to the PCT's objection so that it may obtain a final judgment

with respect to the personal injury claims.[3]

8.    Congress has specifically enumerated the matters over which the bankruptcy

courts -- courts of limited jurisdiction -- may preside. 11 U.S.C. § 157(b)(1). It has also

specifically excluded certain matters from the bankruptcy court's jurisdiction, including "the

liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims

against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B).

The PCT's objection to contingent, unliquidated personal injury claims falls precisely in the

category of matters Congress has excluded from bankruptcy court jurisdiction.

9.    When the bankruptcy court does not have jurisdiction over a matter,

Congress allows the district court to withdraw the reference of that matter "for cause shown." 28

---

[3] The PCT's motion for a determination that its objection to the personal injury claims is a non-core matter requests, as
an alternative to a finding that the objection is non-core, that the Bankruptcy Court make proposed findings of fact and
conclusions of law in accordance with 28 U.S.C. § 157(c)(1), which findings and conclusions may be submitted to this
Court for order or judgment.

U.S.C. § 157(d) (stating that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown"). In the case of personal injury claims, Congress goes so far as to require that the claims "be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." Here, where Congress has specifically directed the district court to try personal injury claims, withdrawal of the reference is proper. See In re Northwestern Corp., 2004 WL 1044383 (D. Del. Apr. 29, 2004) (Farnan, J.) (a true and correct copy of the Northwestern decision is attached hereto as Exhibit 2).

　　　　　10.　　Interests of judicial economy also favor the withdrawal of this matter to the district court. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (noting that considerations of judicial economy, including ensuring the economical use of resources and expediting the resolution of bankruptcy cases, are relevant in determining whether permissive withdrawal is warranted). To date, the claimants subject to the PCT's objection have refused to cooperate with the PCT in resolving their respective claims. The claimants have not provided requested documents and have not been willing to negotiate a settlement. Given the claimants' past conduct, it is unlikely that -- despite its best efforts -- the PCT will be able to consensually resolve the personal injury claims. And because there is no state court litigation pending, if the PCT is not permitted to litigate the personal injury claims in the District Court, it will have no other forum to which to turn.

Notice

　　　　　11.　　Notice of this Motion has been given to: (i) the United States Trustee; (ii) the claimants subject to the *PCT's Sixtieth Omnibus Objection to Claims*; and (iii) those persons who

have requested notice pursuant to the Court's October 20, 2004 order limiting service.  [D.I. 9696].

In light of the nature of the relief requested herein, the PCT submits that no other or further notice is

required.

<u>No Previous Request</u>

12.    No previous request for the relief sought herein has bee made to this or any

other court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, the PCT respectfully requests that the Court enter an order, substantially in the form attached hereto, withdrawing the reference with respect to the *Sixtieth Omnibus Objection to Claims* to the United States District Court for the District of Delaware and granting such other and further relief as is just and proper.

Dated: June 30, 2006

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Co-Counsel for the Post Confirmation Trust

# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## THE PCT'S MOTION TO WITHDRAW THE REFERENCE WITH RESPECT TO ITS OBJECTION TO PERSONAL INJURY CLAIMS

The PCT[2] moves the Court for entry of an order withdrawing the reference with

respect to the *PCT's Sixtieth Omnibus Objection to Claims*, attached hereto as Exhibit 1. Together

with this motion, the PCT filed a motion for a determination by the United States Bankruptcy Court

for the District of Delaware that its objection is non-core. In support of its motion, the PCT

respectfully states as follows:

### Jurisdiction

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409. The

PCT's underlying objection to the personal injury claims is a non-core proceeding pursuant to 28

U.S.C. § 157(b)(2)(B).

---

[1]    The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

2    The PCT is a trust created pursuant to the Debtors' Amended and Official Committee of Unsecured Creditors' Third and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan") and the Post-Confirmation Trust Agreement dated August 19, 2004. The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

2.      The statutory bases for the relief requested herein are 28 U.S.C. § 157(b)(5) and 28 U.S.C. § 157(d).

Background

3.      On April 1, 2003, the above-captioned Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.  On July 27, 2004, this Court entered an order confirming the Plan, which became effective on August 23, 2004.  On the Plan's effective date, the cash and other assets of the Debtors and their estates were transferred to the PCT, the RCT, or the Reorganized Debtors, as applicable.  See Art. V.G.3.  The PCT is responsible for resolving all prepetition claims asserted against the Debtors' estates.  See Art. X.G.1.

4.      The Plan required the PCT to raise all objections to prepetition claims asserted against the Debtors' estate by August 23, 2005.  The Bankruptcy Court has extended this deadline through and including December 21, 2006.  (D.I. 13057).

5.      The personal injury claims subject to *PCT's Sixtieth Omnibus Objection to Claims* all arise from alleged injuries suffered in the prepetition period.  All of the claimants assert damages against the Debtors' estates, but none has provided sufficient information to support their alleged injuries.

6.      Before bringing its objection, the PCT diligently attempted to consensually resolve the personal injury claims.  The PCT attempted to contact the claimants or counsel and, where possible, requested evidence with respect to the alleged injuries.  The claimants either provided no evidence or, in some cases, provided insufficient evidence to support their respective claim.  The PCT then sent the claimants letters formally requesting additional information with respect to the claims.  The claimants subject to the PCT's objection did not respond.  Finally, the

Bankruptcy Court entered an order on May 23, 2006, requiring claimants to produce documents

pursuant to Federal Rule of Bankruptcy Procedure 2004, but the claimants subject to the PCT's

objection did not comply with the Court order. (D.I. 12971). In sum, the personal injury claimants

subject to the PCT's objection have shown unwillingness to cooperate in the consensual, informal

resolution of their respective claim, and the PCT is left with no other choice than to object to the

claims.

### Relief Requested and Basis for Relief Requested

7.     The matters addressed by the PCT's objection to personal injury claims are

outside of the bankruptcy court's core jurisdiction. By this Motion, the Debtors seek an order

withdrawing the reference with respect to the PCT's objection so that it may obtain a final judgment

with respect to the personal injury claims.[3]

8.     Congress has specifically enumerated the matters over which the bankruptcy

courts -- courts of limited jurisdiction -- may preside. 11 U.S.C. § 157(b)(1). It has also

specifically excluded certain matters from the bankruptcy court's jurisdiction, including "the

liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims

against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B).

The PCT's objection to contingent, unliquidated personal injury claims falls precisely in the

category of matters Congress has excluded from bankruptcy court jurisdiction.

9.     When the bankruptcy court does not have jurisdiction over a matter,

Congress allows the district court to withdraw the reference of that matter "for cause shown." 28

---

[3] The PCT's motion for a determination that its objection to the personal injury claims is a non-core matter requests, as an alternative to a finding that the objection is non-core, that the Bankruptcy Court make proposed findings of fact and conclusions of law in accordance with 28 U.S.C. § 157(c)(1), which findings and conclusions may be submitted to this Court for order or judgment.

U.S.C. § 157(d) (stating that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown"). In the case of personal injury claims, Congress goes so far as to require that the claims "be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." Here, where Congress has specifically directed the district court to try personal injury claims, withdrawal of the reference is proper. See In re Northwestern Corp., 2004 WL 1044383 (D. Del. Apr. 29, 2004) (Farnan, J.) (a true and correct copy of the Northwestern decision is attached hereto as Exhibit 2).

10.     Interests of judicial economy also favor the withdrawal of this matter to the district court. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (noting that considerations of judicial economy, including ensuring the economical use of resources and expediting the resolution of bankruptcy cases, are relevant in determining whether permissive withdrawal is warranted). To date, the claimants subject to the PCT's objection have refused to cooperate with the PCT in resolving their respective claims. The claimants have not provided requested documents and have not been willing to negotiate a settlement. Given the claimants' past conduct, it is unlikely that -- despite its best efforts -- the PCT will be able to consensually resolve the personal injury claims. And because there is no state court litigation pending, if the PCT is not permitted to litigate the personal injury claims in the District Court, it will have no other forum to which to turn.

### Notice

11.     Notice of this Motion has been given to: (i) the United States Trustee; (ii) the claimants subject to the *PCT's Sixtieth Omnibus Objection to Claims*; and (iii) those persons who

have requested notice pursuant to the Court's October 20, 2004 order limiting service.  [D.I. 9696].

In light of the nature of the relief requested herein, the PCT submits that no other or further notice is

required.

<u>No Previous Request</u>

12.    No previous request for the relief sought herein has bee made to this or any

other court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, the PCT respectfully requests that the Court enter an order, substantially in the form attached hereto, withdrawing the reference with respect to the *Sixtieth Omnibus Objection to Claims* to the United States District Court for the District of Delaware and granting such other and further relief as is just and proper.

Dated: June 30, 2006

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

*Scotta M Farland*

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Co-Counsel for the Post Confirmation Trust

# <u>EXHIBIT A</u>

60th Omnibus

In re: Fleming Companies, In, et al.
Case No. 03-10945 (MFW)
(Jointly Administered)

## A
## Unsupported Personal Injury Claims

| Name and Address of Claimant | Claim Number | Claim Amount* | | | | | Reason For Disallowance |
|---|---|---|---|---|---|---|---|
| | | Secured | Administrative | Priority | Unsecured | Total | |
| CHAPPELL, NORMA<br>ALBERT T GOMS & KATHRYN R BURKE<br>301 FOURTH AVE S<br>378 GRAIN EXCHANGE BLDG<br>MINNEAPOLIS, MN 55415 | 9160 | $0.00 | $0.00 | $0.00 | $50,001.00 | $50,001.00 | See paragraphs 3 through 8 of Franks affidavit. |
| HIGGINS, PAUL<br>2158 BLAKELY RD<br>E AURORA, NY 14052 | 13787 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 3 through 8 of Franks affidavit. |
| LAY, JAMES R<br>S WAYNE FULLER<br>413 FIRST AVE SW<br>FULLER & WILDINGHAM<br>CULLMAN, AL 35055 | 18214 | $0.00 | $0.00 | $0.00 | $250,000.00 | $250,000.00 | See paragraphs 3 through 8 of Franks affidavit. |
| MCINTOSH, BARBARA<br>4335 N HARRISON<br>FRESNO, CA 93704 | 7515 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | See paragraphs 3 through 8 of Franks affidavit. |
| O'BRIEN, MICHAEL<br>3717 HARNEY ST<br>OMAHA, NE 68131 | 2567 | $0.00 | $0.00 | $0.00 | $100,000.00 | $100,000.00 | See paragraphs 3 through 8 of Franks affidavit. |
| SLOAN, SHERRY<br>JOAN DURKIN POWELL<br>669 AIRPORT FREEWAY<br>STE 405<br>HURST, TX 76053 | 12240 | $0.00 | $0.00 | $0.00 | $70,000.00 | $70,000.00 | See paragraphs 3 through 8 of Franks affidavit. |
| WILKS, WILLIAM A<br>PAUL B WILKINS<br>PO Box 1628<br>COLUMBIA, LA 71418 | 14173 | $0.00 | $0.00 | $0.00 | $500,000.00 | $500,000.00 | See paragraphs 3 through 8 of Franks affidavit. |
| Claims To Be Expunged Totals | 7 | $0.00 | $0.00 | $0.00 | $970,001.00 | $970,001.00 | |

* Unsupported Personal Injury Claims are as defined in the Debtors' Sixtieth Omnibus Objection to Claims (Substantive).

Page 1

# EXHIBIT B

60th Omnibus

In re: Fleming Companies, In  et al .
Case No. 03-10945 (MFW)
(Jointly Administered)

## B

## No Liability Personal Injury Claims

| Name and Address of Claimant | Claim Number | Claim Amount* | | | | | Reason For Disallowance |
|---|---|---|---|---|---|---|---|
| | | Secured | Administrative | Priority | Unsecured | Total | |
| ADAMS, DIXIE<br>MARK INT'L ET AL.<br>301 N LAKE AVE STE 800<br>PASADENA, CA  91101-4108 | 13366 | $0.00 | $0.00 | $0.00 | $5,000,000.00 | $5,000,000.00 | See paragraphs 3 through 11 of Franks affidavit. |
| THE LAW OFFICE OF JACK ORMES<br>JACK ORMES<br>301 N LAKE AVE<br>STE 800<br>PASADENA, CA  91101-4108 | 13365 | $0.00 | $0.00 | $0.00 | $5,000,000.00 | $5,000,000.00 | See paragraphs 3 through 11 of Franks affidavit. |
| Claims To Be Expunged Totals | 2 | $0.00 | $0.00 | $0.00 | $10,000,000.00 | $10,000,000.00 | |

* No Liability Personal Injury Claims are as defined in the Debtors' Sixtieth Omnibus Objection to Claims (Substantive).

Page 1

# Exhibit 2

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)
(Cite as: 2004 WL 1044383 (D.Del.))

Page 1

# H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
In re: NORTHWESTERN CORPORATION, Debtor.
ESTATE OF Orval MEYER, Plaintiff,
v.
NORTHWESTERN CORPORATION, aka
Northwestern Public Service Company, aka Montana
Power LLC, aka Northwestern Energy, aka
Northwestern Energy-Montana, Defendant.
**No. 03-12872 CGC, 04-167 JJF.**

April 29, 2004.

James P. Harrington, and Frank Burgess, Butte,
Montana, for Plaintiff.

Charles Michael Terribile, of Greenburg Traurig,
LLP, Wilmington, Delaware, for Defendant.

Mark S. Kenney, Office of the United States Trustee,
Wilmington, Delaware, for United States Trustee.

Charlene D. Davis, of the Bayard Firm, Wilmington,
Delaware, for the Official Committee of Unsecured
Creditors.

*MEMORANDUM OPINION*

FARNAN, J.

\*1 Presently before the Court is the Motion For
Withdrawal Of Reference And Transfer To United
States District Court In Judicial District Of Montana,
Butte Division filed by the Estate of Orval Meyer
("Plaintiff"). (D.I.1.) For the reasons discussed, the
Court will grant the Motion.

BACKGROUND
On July 13, 1999, a City of Helena bus struck an
overhead gas heater when entering its bus barn,
separating the gas line and causing the bus barn to fill
with gas. The following morning, Orval Meyer
opened the bus barn garage door and the gas
exploded. Mr. Meyer passed away a few days later
from his injuries. Mr. Meyer's Estate ("Plaintiff")

brought a personal injury and wrongful death lawsuit
against the City of Helena, the Montana Power
Company, and its successor, Northwestern Energy,
L.L.C. ("Northwestern"), on July 22, 2002, in
Montana state court.

Northwestern is a wholly owned subsidiary of
Northwestern Corporation, a Delaware corporation
currently in Chapter 11 bankruptcy in the United
States Bankruptcy Court in the District of Delaware
(the "Delaware Bankruptcy"). Northwestern is not a
named party in the Delaware Bankruptcy. By its
Motion, Plaintiff moves the Court to withdraw the
reference and transfer this action to the United States
District Court in the Judicial District of Montana,
Butte Division ("Montana District Court"). [FN1]

> FN1. Respondents did not file an opposition
> brief to Plaintiff's Motion, and therefore, the
> Court will dispose of the instant matter on
> the limited record before it.

DISCUSSION
I. Permissive Withdrawal [FN2]

> FN2. Because Northwestern is not a named
> party in the Delaware Bankruptcy and only a
> subsidiary of the Debtor, the automatic stay
> does not prohibit the Court from addressing
> the merits of the instant motion. *See
> Maritime Elec. Co., Inc. v. United Jersey
> Bank,* 959 F.2d 1194, 1205 (3d Cir.1992).

The Court is persuaded that Plaintiff has shown
sufficient "cause" to justify permissive withdrawal.
The first sentence of Section 157(d) provides that a
district court may withdraw the reference of any case
under this section "for cause." Courts in the Third
Circuit have enumerated a number of factors that
may constitute "cause," including: the goal of
promoting uniformity in bankruptcy administration,
whether the action is core or noncore, judicial
efficiency, and discouraging forum shopping. *In re
Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990) (citing
*Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d
992, 999 (5th Cir.1985)); *In re G-I Holdings, Inc.,*
295 B.R. 211, 216 (D.N.J.2003).

The Court concludes that permissive withdrawal is
proper because, pursuant to 28 U.S.C. § 157(b)(5),
the Bankruptcy Court is without subject matter

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)
(Cite as: 2004 WL 1044383 (D.Del.))

Page 2

jurisdiction over Plaintiff's claims. Section 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). The mandate from Section 157(b)(5), that personal injury tort and wrongful death claims be tried by the district court, effectively deprives the Bankruptcy Court of jurisdiction to entertain the instant action. See *Hansen v. Borough of Seaside Park*, 164 B.R. 482, 485-86 (D.N.J.1994) (citing *Vinci v. Town of Carmel*, 108 B.R. 439, 441-42 (Bankr.S.D.N.Y.1989)); *In re Manidis*, Bankr.Adv. No. 93-0181, 1994 WL 250072, *6-7 (Bankr.E.D.Pa. May 27, 1994) (citations omitted). Accordingly, the Court concludes that permissive withdrawal is appropriate. See *In re Patterson*, 150 B.R. 367, 368 (E.D.Va.1993).

II. Transfer Pursuant To 28 U.S.C. § 157(b)(5)

*2 The Court also concludes that a transfer to the Montana District Court is appropriate in this case. As cited above, Section 157(b)(5) permits a district court to order personal injury and wrongful death claims to be tried in the district where the bankruptcy action is proceeding or in the district where the claim arose. In the Court's view, the circumstances in this case require the Court to exercise its discretion and order a transfer to Montana.

The events at the heart of this action all occurred in Montana. Also, Plaintiff has indicated its intention to consolidate the instant action with the pending Montana state action if the instant action is transferred to the Montana District Court. (D.I. 2 at 3.) Further, the claims in the instant action involve Montana tort principles and all of the expert and fact witnesses reside in that state. *Id.* at 10. Based on these facts, and pursuant to the authority provided by Section 157(b)(5), the Court is persuaded that principles of judicial economy and the convenience of the parties require the Court to exercise its discretion and transfer this action to the Montana District Court.

CONCLUSION

For the reasons discussed, the Court will grant the Motion to Withdraw and transfer this action to the Montana District Court.

*ORDER*

At Wilmington, this 29 day of April, 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) The Motion For Withdrawal Of Reference And Transfer To United States District Court In Judicial District Of Montana, Butte Division filed by the Estate of Orval Meyer ("Plaintiff") (D.I.1) is *GRANTED;*

a) The reference to the Bankruptcy Court is *WITHDRAWN* pursuant to 28 U.S.C. § 157(d);

b) This matter is transferred to the United States District Court in the Judicial District of Montana, Butte Division.

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)

Motions, Pleadings and Filings (Back to top)

• 2006 WL 1388585 (Trial Motion, Memorandum and Affidavit) Appellant's Memorandum of Law in Support of its Motion for an Order Dismissing its Appeal (Apr. 21, 2006)Original Image of this Document (PDF)

• 2006 WL 1435874 (Trial Motion, Memorandum and Affidavit) Debtor's Supplemental Brief in Support of Motion to Dismiss Consolidated Appeals (Apr. 20, 2006)Original Image of this Document with Appendix (PDF)

• 2005 WL 2603679 (Trial Motion, Memorandum and Affidavit) Appellants' Consolidated Reply to (i) Northwestern Corporation's Reply to Appellants' Opening brief (ii) Brief of Appellee, Plan Committee and (iii) Joinder of AD Hoc Committee of Class 7 Debtholders to Plan Committee's Brief in Response to Opening B rief of Appellants (Sep. 7, 2005)Original Image of this Document (PDF)

• 2005 WL 2398233 (Trial Motion, Memorandum and Affidavit) Northwestern Corporation's Designation of Additional Documents for the Record and Objection to Statement of Issues on Appeal (Jul. 29, 2005)Original Image of this Document (PDF)

• 2005 WL 2385530 (Trial Motion, Memorandum and Affidavit) Opening Brief of Appellants (Jul. 27, 2005)Original Image of this Document (PDF)

• 1:04cv00167 (Docket) (Mar. 17, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## ORDER WITHDRAWING THE REFERENCE TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Upon consideration the PCT's motion to for an order withdrawing the reference to the United States District Court for the District of Delaware with respect to the PCT's objection to the personal injury claims; and it appearing that the relief requested herein is in the best interests of the PCT, the PCT, and its creditors; and notice of the PCT's motion having been provided to (i) the United States Trustee; (ii) the claimants subject to the PCT's objection; and (iii) all parties that have requested special notice pursuant to the Court's October 20, 2004 order limiting service; and it appearing that no other or further notice need be given; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted.

---

[1]    The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

2.     The District Court for the District of Delaware hereby withdraws the

reference with respect to *PCT's Sixtieth Omnibus Objection to Claims* currently pending in case

number 03-10945(MFW).

3.     The District Court shall hold a status conference on this matter on

_____ at _____. The PCT shall give the claimants written notice of the time and

place of this status conference on or before _____.

Dated: _____

 

_____

United States District Court Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., <u>et al.</u>,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## ORDER WITHDRAWING THE REFERENCE TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Upon consideration the PCT's motion to for an order withdrawing the reference to

the United States District Court for the District of Delaware with respect to the PCT's objection

to the personal injury claims; and it appearing that the relief requested herein is in the best

interests of the PCT, the PCT, and its creditors; and notice of the PCT's motion having been

provided to (i) the United States Trustee; (ii) the claimants subject to the PCT's objection; and

(iii) all parties that have requested special notice pursuant to the Court's October 20, 2004 order

limiting service; and it appearing that no other or further notice need be given; and sufficient

cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted.

---

[1]    The former Debtors whose cases are still open are: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

      2.      The District Court for the District of Delaware hereby withdraws the

reference with respect to *PCT's Sixtieth Omnibus Objection to Claims* currently pending in case

number 03-10945(MFW).

      3.      The District Court shall hold a status conference on this matter on

_____ at _____. The PCT shall give the claimants written notice of the time and

place of this status conference on or before _____.


Dated: _____


                                        _____

                                        United States District Court Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## AFFIDAVIT OF SERVICE

Louise Tuschak, being duly sworn according to law, deposes and says that she is

employed by the law firm of Pachulski Stang Ziehl Young Jones & Weintraub LLP co-counsel

for the Debtor in the above-captioned action, and that on the 30th day of June 2006 she caused a

copy of the following document to be served upon the attached service list in the manner

indicated:

    1.    **The PCT's Motion to Withdraw the Reference with Respect to its Objection
to Personal Injury Claims.**

_____
Louise L. Tuschak

SWORN TO AND SUBSCRIBED
by me on this 30th day of June 2006

_____
Notary Public
My Commission Expires: _____11/4/07_____

**MARY E. CORCORAN**
Notary Public
State of Delaware
My Commission Expires Nov. 4, 2007

---

[1] The former Debtors whose cases are still open are: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

28587-001\DOCS_DE:119429.1

**Fleming Companies, Inc.2002 Service List (NEW)**
Case No. 03-10945
Document No. 102136
27 - Hand Delivery
90 – First Class Mail

(Counsel for Fleming Companies, Inc.)
Laura Davis Jones, Esquire
James O'Neill, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

*Interoffice Delivery*
(Counsel for Fleming Companies, Inc.)
Ira D. Kharasch, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
10100 Santa Monica Blvd., #1100
Los Angeles, CA  90067

*Hand Delivery*
(Parcels)
Vito I. DiMaio
Parcels, Inc.
917 King Street
Wilmington, DE  19801

*Hand Delivery*
(Office Of The United States Trustee)
Joseph McMahan, Esquire
J. Caleb Boggs Federal Building
844 N. King Street, Suite 2313
Lock Box 35
Wilmington, DE  19801

*Hand Delivery*
(Counsel for Langdon Ltd Partnership, Minnesota Mining And Manufacturing Company, Wells Fargo Financial Leasing Skogen's Foodliner, Inc., and its related entities, and Hegenbarth Food Group, Inc. and its related entities)
Kathleen M. Miller, Esquire
Smith, Katzenstein & Furlow, LLP
The Corporate Plaza
800 Delaware Avenue, 7th Floor
Wilmington, DE  19899

*Hand Delivery*
(Counsel for Ingram Entertainment, Inc., Odom's Tennessee Pride Sausage Co., Inc., Dade Paper & Bag Co. Inc., Downey Wholesale, Inc., Huish Detergents, Joseph Campione, Inc., KAO Brands Company f/k/a Andrew Jergens Company, Sargento Foods, Inc., Sysco Food Services of Modesto, Inc., Trinidad Benham Corporation)
Theresa V. Brown-Edwards, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street, 7th Floor
Wilmington, DE  19899

*Hand Delivery*
(Counsel for MBM Corp.)
Linda M. Carmichael, Esquire
White and Williams LLP
824 N. Market Street
Suite 902
Wilmington, DE  19899

*Hand Delivery*
(Counsel for Best Yet Markets, Inc.)
Kim Lawson, Esquire
Reed Smith LLP
1201 Market Street
Suite 1500
Wilmington, DE  19801

*Hand Delivery*
(Counsel for CHEAP USA)
Kurt F. Gwynne, Esquire
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801

*Hand Delivery*
(Counsel for Brentwood Crossing Associates and Wanda Farms Potatoes, Inc.)
Richard H. Cross, Jr., Esquire
Amy Evans, Esquire
Law Office of Richard H. Cross, Jr. LLC
913 North Market
Wilmington, DE  19899

*Hand Delivery*
(Counsel for Red Gold, Inc.)
Susan E. Kaufman, Esquire
Heiman, Aber, Goldlust & Baker
800 King Street
Suite 303
Wilmington, DE  19801

*Hand Delivery*
(Counsel for C&S Wholesale Grocers, Inc., C&S
Acquisition LLC and its designees)
Richard S. Cobb, Esquire
Megan N. Harper, Esquire
Landis Rath & Cobb
919 Market Street
Suite 600
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Schwan Food Co., Schwan's Consumer Brands
North America, Inc., Edwards Fine Foods, Inc., Schwan's Food
Service, Inc., Price Choppers & Piggly Wiggly Franchisees,
Marigold Foods, LLC, Cream O'Weber Daily, LLC, H. Meyer
Dairy, LLC, Milk Products, LP d/b/a Borden Dairy, Flav-O-Rich
and Meow Mix Company, Roayal Foods, Inc. & Goya Foods, Inc.)
Carl N. Kunz, III, Esquire
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Blue Bell Creameries L.P. and Republic
Tobacco L.P.)
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue
9th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel for DDB Limited Partnership & Rolling Pin
Manufacturing Corp. & The Bautschs)
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom St.
Wilmington, DE 19806

*Hand Delivery*
(Counsel for Daires, LLC, Velda Farms, LLC, Franklin Foods, LLC, Crowley Foods, LLC, Kemps Foods, LLC,
Heluva Good LLC, Afco Credit Corporation and Single Source Transportation)
Stephen M. Miller, Esquire
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
10th Floor
Box 2306
Wilmington, DE 19899

*Hand Delivery*
(Counsel for ConAgra, Inc., Manugistics, Inc.
Weyerhaeuser Company)
Laurie Selber Silverstein, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
6th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel for The Dial Corporation, Aleeda Grace Ltd.
Bar-S Foods, Bausch & Lomb, Destination Products
International and Simmons Foods)
Ricardo Palacio, Esquire
Ashby & Geddes
222 Delaware Ave.
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Altadis USA, American Licorice, Church
& Dwight, ISG Technology, John Middleton, Seaboard
Farms and Swedish Match)
Mark E. Felger, Esquire
Cozen O'Connor
Chase Manhattan Center
1201 North Market Street
Suite 1400
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Sunbeam Products, Reckitt Benckiser,
Inc., Welch Food, Inc. and The Hammer Corporation )
Thomas D. Walsh, Esquire
McCarter & English, LLP
Chase Manhattan Center
919 N. Market St
Suite 1800
Wilmington, DE 19801

*Hand Delivery*
(Counsel for AEP Industries, Inc., Colgate-Palmolive,
B. Rosen & Sons, Inc., Hussmann Corporation, Mistui
Foods, Inc., Perrigo, World Confectioners, Inc., Bush
Brothers & Co. and South Win Ltd.)
Jennifer Taylor, Esquire
Jaspan Schlesinger Hoffman LLP
913 Market Street
12th Floor
Wilmington, DE 19801

*Hand Delivery*
(Co-Counsel for the PCT)
David M. Fournier, Esquire
Pepper Hamilton, LLP
Hercules Plaza
1313 North Market St., Suite 5100
P.O. Box 1709
Wilmington, DE  19899-1709

*Hand Delivery*
(Counsel for Aon Consulting)
Michael R. Lastowski, Esquire
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE  19801

*Hand Delivery*
(Substitute counsel for Royal Oak Sales, Inc. and
Claxton Poultry Farms)
James E. Huggett, Esquire
Margolis Edelstein
1509 gilpin Avenue
Wilmington, DE  19806

*Hand Delivery*
(Counsel for Haro Distributing, Inc.)
Mary E. Augustine, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

*Hand Delivery*
(Counsel to the Reclamation Creditors Trust)
Steven K. Kortanek, Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
919 Market Street, Suite 1000
Wilmington, DE  19801

*Hand Delivery*
(Counsel to SUPERVALU Inc.)
William H. Sudell, Jr., Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899

*Hand Delivery*
Selinda A. Melnik, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Molton Company)
Michael P. Morton
Michael P. Morton, P.A.
1203 North Orange Street
Wilmington, DE  19801

*First Class Mail*
)
Bankruptcy Management Corp.
Attn:  Tinamarie Fell
1330 E. Franklin Avenue
El Segundo, CA  90245

*First Class Mail*
)
Robert S. Hertzberg, Esquire
Julie M. Skidmore, Esquire
Pepper Hamilton LLP
100 Renaissance Center
Suite 3600
Detroit, MI  48243

*First Class Mail*
(Counsel for Harvest Logistics, Inc. Iceworks Logistics,
Inc. and Tibbett & Britten Group North America, Inc.)
Christopher W. McGarry, Esquire
Tibbett & Britten Group North America, Inc.
1140 US Highway 22, Suite 304
Bridgewater, NJ  08807

*First Class Mail*
(Harvest Logistics, Inc. Iceworks Logistics, Inc. and
Tibbett & Britten Group North America, Inc.)
Michael E. Wiles, Esquire
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022

*First Class Mail*
(Conoco Phillips, a successor interest to Circle K
Corporation)
Kasey C. Dye, Esquire
Quarles & Brady Streich Lang
One S. Church Ave
Suite 1700
Tucson, AZ  85701

*First Class Mail*
(Old Home Foods, Inc.)
Richard C. Salmen, Esquire
Felhaber, Larson, Fenlon & Vogt, P.A.
220 South Sixth Street
Suite 2200
Minneapolis, MN 55402

*First Class Mail*
(Ingram Entertainment Inc.)
Larry Gilbert
Two Ingram Blvd.
P.O. Box 7006
Lavernge, TN 37089

*First Class Mail*
)
James Shaw
237 N.E. Wavecrest Way
Boca Raton, FL 33432

*First Class Mail*
(Counsel for Domino Foods, Inc., as Agent for
American Sugar Refining, Inc.)
William F. Tarr, Esquire
P.O. Box 3435
West Palm Beach, FL 33402

*First Class Mail*
(Counsel for Domino Foods, Inc., as Agent for
American Sugar Refining, Inc.)
Gene B. Tarr, Esquire
Blanco Tackabery Combs & Matamoros, P.A.
110 S. Stratford Road
5th Floor
Winston-Salem, NC 27104

*First Class Mail*
(Counsel for Coastal Unilube, Inc.)
Michael J. McGinnis
Senior Counsel
El Paso Corporation
1001 Louisiana Street
Houston, TX 77002

*First Class Mail*
(Counsel for New Plan Excel Realty Trust, Inc.,
Majestic Realty Company; Goldstein Management,
Inc.)
Jeffrey Meyers, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor – Mellon Bank Center
Philadelphia, PA 19103

*First Class Mail*
(Counsel for Salt Lake County Assessor and Salt Lake
County Treasurer)
Thomas W. Peters
Deputy District Attorney
2001 South State Street
S-3600
Salt Lake City, UT 84190

*First Class Mail*
(Counsel for Anna Bowe)
Michael C. Van Berkom, Esquire
Borkon, Ramstead, Mariant, Fishman & Carp, Ltd.
5401 Gamble Drive
Suite 100 Parkdale
Minneapolis, MN 55416

*First Class Mail*
(Counsel for The Meow Mix Company)
Joseph L. Schwartz, Esquire
Jeffrey M. Sponder, Esquire
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962

*First Class Mail*
(Counsel for Sara Lee Corporation)
Maria Ellena Chavez-Ruark, Esquire
Richard M. Kremen, Esquire
Piper Rudnick
6225 Smith Avenue
Baltimore, MD 21209

*First Class Mail*
)
Louis J. Price, Esquire
McAfee & Taft
Two Leadership Sq.
10th Floor
211 N. Robinson Ave.
Oklahoma City, OK 73102

*First Class Mail*
(Counsel for Wichsan Limited Partnership)
Howard E. Heller, Esquire
Kin Properties, Inc.
16 N. Main Street
# 384
New York, NY  10956

*First Class Mail*
(Counsel for Bayer Corporation)
Steven N. Cousins, Esquire
Armstrong Teasdale LLP
One Metropolitan Sq.
Suite 2600
St. Louis, MO  63102

*First Class Mail*
(Counsel for Turnpike Crossing I, LLC)
Arthur E. Rosenberg, Esquire
Holland & Knight LLP
195 Broadway
New York, NY  10007

*First Class Mail*
(Counsel for CHEP USA)
W. Glenn Jensen, Esquire
Akerman, Senterfitt & Eidson, P.A.
Post Office Box 231
Orlando, FL  32802

*First Class Mail*
(Counsel for DDB Limited Partnership)
William C. Hess, Esquire
Hess, Dexter, Reinerston & Brunner S.C.
605 Scott St.
Wausau, WI  54402

*First Class Mail*
)
Gretchen Crawford
Assistant District Attorney
Oklahoma County Treasurer
320 Robert S. Kerr, Room 307
Oklahoma City, OK  73102

*First Class Mail*
(Counsel for Wanda Farms Potatoes, Inc.)
Michael Keaton, Esquire
Keaton & Associates, P.C.
1278 W. Northwest Highway
Suite 903
Palatine, IL  60067

*First Class Mail*
(Counsel for SuperValu, Inc.)
Kimberly J. Myrdahl
Director of Litigation
Supervalu Inc.
P.O. Box 990
Minneapolis, MN  55440

*First Class Mail*
(Counsel for Mitsui Bussan Logistics, Inc.)
James Shenwick, Esquire
Shenwick & Associates
152 W. 57th Street
35 Floor
New York, NY  10019

*First Class Mail*
(Counsel for Mitsui Bussan Logistics, Inc.)
Thomas C. Marconi, Esquire
Losco & Marconi, P.A.
P.O. Box 1677
Wilmington, DE  19899

*First Class Mail*
(Counsel for Michael D.
Martin and Richard Adamcik)
David W. Bower, Esquire
David Bower & Associates
The Stoneleigh P Building
2926 Maple Avenue
Suite 200
Dallas, TX  75201

*First Class Mail*
(Counsel for The News Group)
Patrick H. Autry, Esquire
Plunkett & Gibson, Inc.
70 NE Loop 410
Suite 1100
San Antonio, TX  78216

*First Class Mail*
(Counsel for Coca-Cola Enterprises, Inc. and Chattem, Inc.)
Coca-Cola Enterprises Inc.
c/o Miller & Martin LLP
Attn:  Shelley D. Rucker
832 Georgia Avenue
Suite 1000
Chattanooga, TN  37402

*First Class Mail*
(Counsel for Reser's Fine Foods, Inc.)
Scott L. Jensen, Esquire
Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia &
Hay, LLP
1200 S.W. Main Building
Portland, OR  97205

*First Class Mail*
(Counsel for Albertson's Inc.)
Daniel B. Prieto, Esquire
Jones Day
2727 N. Harwood Street
Dallas, TX  75201

*First Class Mail*
(Counsel for Fish House Foods, Inc.; Rembrandt
Corporation)
J. Scott Bovitz, Esquire
Bovitz & Spitzer
880 West First Street
Suite 502
Los Angeles, CA  90012

*First Class Mail*
)
Donald O. Loeb, Esquire
Campana, Vieh & Loeb, PLC
4422 North Civic Center Plaza
Suite 101
Scottsdale, AZ  85251

*First Class Mail*
(Counsel for Bayer Corporation)
Susan K. Olsen, Esquire
Armstrong Teasdale LLP
One Metropolitan Square
Suite 2600
St. Louis, MO  63102

*First Class Mail*
(Counsel to the Reclamation Creditors Trust)
Janice L. Duban, Esquire
Finance Group
DLA Piper Rudnick Gray Cary US LLP
203 North La Salle Street
Chicago, Illinois 60601-1293

*First Class Mail*
(Counsel for Blue Bell Creameries L.P.)
Paul Kruse
1101 S. Horton
Brenham, TX  77833

*First Class Mail*
(Counsel for Odom's Tennessee Pride Sasuage, Inc.)
Linda W. Knight, Esquire
Gullett, Sanford, Robinson & Martin, PLLC
P.O. Box 198888
Nashville, TN 37219

*First Class Mail*
(Counsel for Telco Food Products, Inc.)
Roger F. Friedman, Esquire
Rutan & Tucker, LLP
611 Anton Boulevard
Fourteenth Floor
Costa Mesa, CA  92626

*First Class Mail*
)
Tyson Foods, Inc.
Steven Schaal
Legal Department
2210 West Oaklawn Drive
Springdale, AR  72762

*First Class Mail*
(Counsel for Telco Food Products, Inc.)
Michael J. Mills, Esquire
Rebecca L. Fox, Esquire
Kutak Rock LLP
1650 Farnam Street
Omaha, NE  68102

*First Class Mail*
(Counsel for L&L Food Center, Inc. and Levandowski,
LLC)
Michelyn E. Pasteur, Esquire
Foster Zack & Lowe, P.C.
P.O. Box 27337
Lansing, MI  48909

*First Class Mail*
(Counsel for XHB, Inc. f/k/a and Country Home
Bakers, Inc.)
Louis J. Testa, Esquire
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT  06605

*First Class Mail*
(Counsel for The McClatchy Company and The Star Tribune)
Paul J. Pascuzzi, Esquire
Felderstein Fitzgeral Willoughby & Pascuzzi LLP
400 Capitol Mall
Suite 1450
Sacramento, CA 95814

*First Class Mail*
(Counsel for Minnesota Mining and Manufacturing Company)
Michael F. McGarth, Esquire
Ravich Meyer Kirkman McGrath & Nauman, P.A.
4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

*First Class Mail*
(Counsel for Tony Shepherd Enterprises)
Craig A. Stokes, Esquire
Rojas Santos Stokes & Garcia, LLP
3330 Oakwell Ct.
Suite 225
San Antonio, TX 78218

*First Class Mail*
(Counsel for The Schwan Food Company, Schwan's Consumer Brands North America, Inc., Edwards Fine Foods, Inc. and Famous Products, Inc.)
Monica L. Clark, Esquire
Dorsey & Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402

*First Class Mail*
(Counsel for The J.M. Smucker Company)
Patrick J. Keating, Esquire
Buckingham, Doolittle & Burroughs, LLP
50 S Main St
P.O. Box 1500
Akron, OH 44309

*First Class Mail*
(Counsel for HP Hood Inc.)
Ronald G. Neiwirth, Esquire
Fowler White Burnett P.A.
Bank of America Tower
17th Floor
100 Southeast Second Street
Miami, FL 33131

*First Class Mail*
(Counsel for Ferrero USA, Inc.)
Jane M. Coviello, Esquire
Dunn Lambert, LLC
The Atrium East 80 Route 4
Paramus, NJ 07652

*First Class Mail*
(Counsel for Royal Foods, Inc.)
T. Chris Stewart, Esquire
Dunkley, Bennett, Christensen & Madigan, P.A.
701 Fourth Avenue South
Suite 700
Minneapolis, MN 55415

*First Class Mail*
(Counsel for Rhodes International, Inc.)
Steven T. Waterman, Esquire
Ray Quinney & Nebeker P.C.
P.O. Box 45385
Salt Lake City, UT 84145

*First Class Mail*
(Counsel for RJ Reynolds.)
William B. Sullivan, Esquire
Womble, Carlisle, Sandridge & Rice
One West Fourth Street
Winston Salem, NC 27101

*First Class Mail*
(Counsel for The Dial Corporation)
Peter Rathwell, Esquire
Snell & Wilmer LLP
One Arizona Center
Phoenix, AZ 85004

*First Class Mail*
(Counsel for Re Gen Capital)
Holly Rogers
Re Gen Capital
2109 Broadway
Suite 206
New York, NY 10023

*First Class Mail*
(Counsel for Sperling Massillon, LLC; SBW Massillon, LLC; WMS Massillon, LLC; WC Massillon, LLC; and NSHE Sossaman, LLC)
Jeffrey E. Bjork, Esquire
Sidley Austin Brown & Wood, LLC
555 W. 5th Street
Suite 4000
Los Angeles, CA 90013

*First Class Mail*
(Counsel for Joseph Campione, Inc. and Sargento Foods, Inc.)
Joshua A. Blakely, Esquire
Reinhart Boerner Van Deuren S.C.
1000 North Water Street
P.O. Box 2965
Milwaukee, WI 53201

*First Class Mail*
(Counsel for Penn Crossing Limited Partnership)
Amy Pritchard Williams, Esquire
Kennedy Covington Lobdell & Hickman, LLP
214 North Tryon Street
47th Floor
Charlotte, NC 28202

*First Class Mail*
(Counsel for Rebnec Nine, Inc.)
Bradley R. Duncan, Esquire
Kimberly L. Nelson, Esquire
Hunton & Williams
1751 Pinnacle Dr.
Suite 1700
McLean, VA 22102

*First Class Mail*
(Counsel for Rothmans, Venson & Hedges, Inc./Fleming Companies, Inc.)
Jesse N. Silverman, Esquire
Hunton & Williams LLP
Riverfront Plaza
East Tower, 951 East Byrd St
Richmond, VA 23219

*First Class Mail*
(Counsel for John H.O. La Gatta)
John H. O. La Gatta
50 West Liberty Street
Suite 1080
Reno, NV 89501

*First Class Mail*
(Counsel for McKesson Corporation)
Julia Frost-Davies, Esquire
Eleanor Gilbane, Esquire
Alexis Freeman, Esquire
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

*First Class Mail*
(Counsel for Pima County, AZ)
Ruthane Miller
Pima County Attorney Civil Division
32 North Stone
Suite 2100
Tucson, AZ 85701

*First Class Mail*
(Counsel for Caldwell Enterprises, Inc.)
Kathy Popoff, Esquire
Law Office of Kathy Popoff
50-B Peninsula Center Dr.
#301
Rolling Hills Estates, CA 90274

*First Class Mail*
(Counsel for Pacific Coast Producers)
Joon Kim, Esquire
Best Best & Krieger LLP
3500 Porsche Way
Suite 200
Ontario, CA 91764

*First Class Mail*
(Counsel for Ramco-Gershenson Properties, L.P.)
Paul S. Magy, Esquire
Terrance A. Hiller, Jr., Esquire
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway
Suite 950
Southfield, MI 48075

*First Class Mail*
)
Ramco-Gershenson Properties, L.P.
31500 Northwestern Hwy.
Suite 300
Farmington Hills, MI 48334

*First Class Mail*
(Counsel for Something More, LLC and Kimball's
Super Foods)
Robert Lapowsky, Esquire
Stevens & Lee, P.C.
1818 Market St
29th Floor
Philadelphia, PA 19103

*First Class Mail*
(Counsel for B. Rosen & Sons, Inc., Mistui Foods, Inc.
and Bush Brothers & Co.)
Kevin J. Nash, Esquire
Finkel Goldstein Berzow Rosenbloom & Nash, LLP
26 Broadway
Suite 711
New York, NY 10004

*First Class Mail*
(Counsel for Perrigo Company)
Alan Bennett, Esquire
Law, Weathers & Richardson, PC
800 Bridgewater Place
333 Bridge Street, NW
Grand Rapids, MI 49504

*First Class Mail*
(Counsel for World Confectioners, Inc.)
Brendan Marx, Esquire
Eaton & Van Winkle LLP
3 Park Avenue
16th Floor
New York, NY 10016

*First Class Mail*
(Counsel for Doane Pet Care Company)
Roger G. Jones, Esquire
Austin L. McMullen, Esquire
Boult, Cummings, Conners & Berry
1600 Division Street
Suite 700
P.O. Box 340025
Nashville, TN 37203-0025

*First Class Mail*
)
Greg Milner
GSM Industries
9563 Barletta Winds Point
Delray Beach, FL 33446

*First Class Mail*
)
SPCP Group, LLC
Attention: Brian Jarmain
2 Greenwich Plaza
Greenwich, CT 06830

*First Class Mail*
)
Thomas L. Sansonetti, Esquire
Henry S. Friedman, Esquire
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

*First Class Mail*
(Counsel for Fleming Companies)
Internation Modern Invetment, Inc.
d/b/a Liberty International Wholesale
21535 Hoover Road
Warren, MI 48089

*First Class Mail*
(Counsel for Pepsi Bottling Group, Inc., Pharmative
LLC and Knight-Ridder, Inc.)
Joseph D. Frank, Esquire
Micah R. Krohn, Esquire
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60610

*First Class Mail*
(Counsel for Aon Consulting)
Brian W. Bisignani, Esquire
Duane Morris LLP
305 Front Street
Harrisburg, PA 17108

*First Class Mail*
(Counsel for Mary Ann Seigler)
Mark Stawicki, Esquire
Stawicki & Maples
3353 Bradshaw Road
Suite 115
Sacramento, CA 95827

*First Class Mail*
)
Secretary of Treasury
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
)
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
(Counsel for C&D Technologies, Inc.)
Rhonda L. Thomas, Esquire
Klett Rooney Lieber & Schorling
Two Logan Square
12th Floor
Philadelphia, PA 19103

*First Class Mail*
(Counsel for Ventura Foods, LLC)
Craig A. Barbarosh, Esquire
Nadine J. Youssef, Esquire
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Drive
7th Floor
Costa Mesa, CA 92626

*First Class Mail*
(Counsel for ACE American Insurance Company)
Paul B. Bech, Esquire
Bazelon Less & Feldman, P.C.
1515 Market Street
Suite 700
Philadelphia, PA 19102

*First Class Mail*
(Counsel for Pop Rocks, Inc.)
John P. Van Beek, Esquire
Holly A. Currier, Esqurie
Young, Goldman & Van Beek, P.C.
510 King Street, Suite 415
Alexandria, VA 22313

*First Class Mail*
(Counsel for AWG)
Mark T. Benedict, Esquire
Husch & Eppenburger LLC
1200 Main, Suite 2300
Kansas City, MO 64105

*First Class Mail*
(Counsel for SUPERVALU, Inc.)
James F. Conlan, Esquire
William A. Evanoff, Esquire
Sidley Austin Brown & Wood LLP
One South Dearborn Street
Chicago, IL 60603

*First Class Mail*
(Counsel for Meadowbrook Meat Company, Inc.)
Jennifer M. Meyerowitz, Esquire
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309

*First Class Mail*
(Counsel for Hilltown Crossings, L.P.)
Jeffrey S. Rosenblum, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*First Class Mail*
)
J.B. Murphy, Jr.
Agri-Psych, Inc.
4390 W. Hwy. 22
Hornbeak, TN 38232